# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-10734
Summary Calendar

LARRY F. VRZALIK

Plaintiff-Appellant

v.

JOHN E. POTTER, POSTMASTER GENERAL, U.S. POSTAL SERVICE

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1875

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Larry F. Vrzalik challenges the district court's dismissing his Title VII and ADEA claims against his former employer, U.S. Postal Service.

Vrzalik, a white male over 50 years of age, was employed by the U.S. Postal Service from 1974 to 2005. Shortly after assuming the duties of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

postmaster in Forney, Texas, in June 2002, Vrzalik made a request to his immediate supervisor, a white female over 50 years of age, for additional staff and resources. In October 2003, Vrzalik's office was randomly selected for review by the Office of Inspector General (OIG). The OIG identified several problems, including the failure to audit a vending machine. Also in October 2003, Vrzalik made a request to his immediate supervisor to take his (Vrzalik's) annual leave before the end of 2003. The request was granted on condition that the problems identified by the OIG report be fixed before Vrzalik took his leave.

On 30 October 2003, Vrzalik provided notice of his intent to file an EEO complaint. The complaint was filed in November 2003, alleging race- and age-discrimination, retaliation, and a hostile-work environment. On 4 November 2003, Vrzalik informed his immediate supervisor that his doctor had placed him on sick leave, effective immediately.

After returning to work in April 2004, Vrzalik and his immediate supervisor discussed the above-referred OIG report. On 28 April 2004, the supervisor disciplined Vrzalik by issuing a letter of warning for failure to audit the vending machine. Seven other employees were disciplined by the supervisor. Three of those employees were black, and six were older than Vrzalik. Regarding Vrzalik's annual leave, the supervisor coded his sick leave as annual beginning 15 December 2003. She did not adjust Vrzalik's leave designation prior to that date.

Vrzalik claims summary judgment was improper because a genuine issue of material fact exists regarding his Title VII and AEDA claims. He maintains he established a *prima facie* case that the failure to respond to his repeated requests for additional staff and resources, denying him annual leave, and disciplining him for failure to audit the vending machine were acts of race and age discrimination that were done in retaliation for his filing the EEO complaint, and constituted a constructive discharge. Vrzalik also claims the district court erred in failing to consider similar acts of discrimination committed against

other post office employees. Finally, Vrzalik asserts the district court erred in assessing costs against him.

Summary judgment is reviewed *de novo*, applying the same standard as the district court. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(c). All facts and inference are construed in the light most favorable to the nonmovant. *Burrel*, 482 F.3d at 411.

Essentially for the reasons stated by the district court in its well-reasoned opinion, Vrzalik's claims fail. A careful review of the record reveals that Vrzalik failed to establish a *prima facie* case of either race or age discrimination under the *McDonnell* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007) (age discrimination); *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 941 (5th Cir. 2005) (race discrimination and retaliation). Further, because the U.S. Postal Service articulated legitimate, non-discriminatory reasons for its actions, Vrzalik failed to establish the Service's actions were pretextual. *See McDonnell*, 411 U.S. at 804. Likewise, Vrzalik failed to show a causal connection between his filing the EEO complaint and the Service's actions. *See, e.g., Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42 (5th Cir. 1992).

Vrzalik's constructive-discharge claim is also without merit. *See Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 991 (5th Cir. 2008) ("working conditions so intolerable that a reasonable employee would feel compelled to resign"). In any event, the claim was not raised before the EEOC, *see, e.g., McLain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008), and it is insufficiently briefed on appeal.

Similarly, Vrzalik's pattern-or-practice claim is meritless pursuant to *Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 356 (5th Cir. 2001). In any event, the claim was inadequately briefed.

Finally, there was no error in assessing costs against Vrzalik. *See* FED. R. CIV. P. 54(d)(1).

AFFIRMED.